UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| MOURAD SOULEIMAN, KETTY SOULEIMAN, ELIE SOULEIMAN and PAULA SOULEIMAN<br><br>Plaintiffs<br><br>-v-<br><br>PETER B. BASS; WELLS FARGO BANK, N.A.; SKY BLU HOLDINGS, LLC; BRETT A. WILLIAMS; ABC Corps 1-10; John Does 1-10<br><br>Defendants | Case No.<br><br>**COMPLAINT WITH JURY DEMAND** |
|---|---|

Plaintiffs, MOURAD SOULEIMAN, KETTY SOULEIMAN, ELIE SOULEIMAN and PAULA SOULEIMAN, by way of a civil complaint against the Defendants, PETER B. BASS; WELLS FARGO BANK, N.A.; SKY BLU HOLDINGS, LLC; BRETT WILLIAMS, state as follows:

**PARTIES**

1. Plaintiff MORAD SOULEIMAN is an individual citizen of the State of New York.

2. Plaintiff KETTY SOULEIMAN is an individual citizen of the State of New York.

3. Plaintiff ELIE SOULEIMAN is an individual citizen of the State of New York.

1

4. Plaintiff PAULA SOULEIMAN is an individual citizen of the State of New York.

5. Upon information and belief, Defendant PETER B. BASS is an attorney licensed to practice law in the State of New Jersey and is located at 3200 Sunset Ave, Suite 105, Ocean, NJ 07712.

6. Upon information and belief, Defendant WELLS FARGO BANK, N.A. is a banking institution under the Federal Deposit Insurance Corporation with headquarters located at 420 Montgomery Street, San Francisco, CA 94104.

7. Upon information and belief, Defendant SKY BLU HOLDINGS, LLC is a limited liability company with an address at 1285 Grey Fox Rd., Suite 200, Saint Paul, Minnesota 55112.

8. Upon information and belief, Defendant BRETT WILLIAMS is an individual residing at 64 Monarch Way, North Oaks, MN 55127.

9. John Does 1-10 and ABC Corps 1-10 are fictional Defendants constituting individuals and/or entities presently unknown to Plaintiffs who may have been involved in the conduct that gives rise to this Complaint. As these defendants are identified, Plaintiffs shall amend the Complaint to include them.

## JURISDICTION & VENUE

10. Jurisdiction in this matter is based on 28 U.S.C. § 1332, Diversity of Citizenship. As stated above, all of the Plaintiffs are citizens of the State of New York. The Defendant, Peter Bass, is a citizen of the State of New Jersey. Defendant Well Fargo Bank, N.A. is incorporated under the laws of the State of Delaware and has its principal place of business in the State of California. Upon information and belief, Defendant Sky Blu Holdings, LLC has its principal place of business in Minnesota. Upon information and belief, Defendant Brett Williams is a citizen of the State of Minnesota.

11. The amount in controversy – the amount the Plaintiffs claim the Defendants owe or the amount at stake – is more than $75,000, not counting interest and costs of court, because in connection with the acts and conduct alleged herein, Defendants directly and indirectly are liable to Plaintiffs for, among other causes of action, theft of $320,000.00.

12. Venue is proper in the District of the State of New Jersey, Trenton Vicinage, for the following reasons:
    a. The property being purchased is located in Monmouth County, State of New Jersey.

    b. Defendant, Peter B. Bass, resides and works in the State of New Jersey.

    c. Defendant Wells Fargo Bank, N.A. operates in the State of New Jersey.

    d. Defendants Sky Blu Holdings, LLC and Brett Williams intentionally used the email address of Peter Bass in New Jersey to defraud the Plaintiff in the State of New Jersey.

## STATEMENT OF FACTS

13. On September 11, 2020, Plaintiffs contracted with Church/Warren Realty Corp. ("Seller"), a New York corporation, to purchase a residential property located at 95 Neptune Avenue, Deal, NJ 07723 ("Property") for $800,000.00. ("Purchase Price").

14. Plaintiffs tendered an initial deposit of $80,000.00 to counsel for the Seller.

15. Plaintiff hired Peter B. Bass, Esq. ("Bass"), as legal counsel to represent them in the purchase.

16. In anticipation of completing the purchase of the Property, Plaintiffs were required to wire the remaining balance of the Purchase Price.

17. Plaintiff Elie Souleiman received an e-mail purportedly from pbbasslaw@aol.com, the email address of

4

his attorney, Peter Bass, containing instructions to wire $320,000.00 to the trust account of Peter Bass at Wells Fargo Bank. The email contained Bass's information, including his address, the beneficiary name Peter Bass Trust Account, and the address for Wells Fargo Bank.

18. Upon information and belief, these emails were false and fictitious, and were by third parties Brett Williams and/or Sky Blu Holdings, LLC who had allegedly hacked into Bass's computer or email address and sent the false emails to Plaintiffs.

19. Pursuant to these instructions in the email from Bass, Elie proceeded to wire $320,000 to Bass's trust account at Wells Fargo Bank.

20. Approximately one month later, Bass stated he never received the funds.

21. Bass also stated that he could not access his emails for approximately three weeks prior but could not inform Plaintiffs because he was ill.

22. Plaintiffs went to a Wells Fargo branch to inquire as to the location of the wired funds.

23. A representative at Wells Fargo Bank informed Elie that it is not the policy of Wells Fargo to confirm the accuracy of any information related to wiring funds, other than an account number. For instance, whether the intended

5

beneficiary of the account number (Peter Bass) matches up to the actual beneficiary of the account number (Brett Williams/Sky Blu Holdings, LLC).

24. A manager at the Well Fargo Bank stated that the account was opened by an individual in Arizona and not by Peter Bass. They refused to give any other information without a court-ordered subpoena.

25. In recent years, it has become well known in the Title Closing/Settlement Agent/Real Estate Attorney industry that scams or frauds involving hacking into computers and/or sending false and/or fictitious emails and faxes by unidentified parties posing as parties or attorneys, so as to provide false wiring instructions, have been regularly occurring or attempted. Attorneys have received notices and warnings from industry associations and regulatory agencies regarding such frauds and have been put on notice to have in place procedures to confirm such purported instructions prior to wiring funds.

26. Plaintiffs opened up a case with the Ocean Township New Jersey Police Department and the Federal Bureau of Investigation (FBI) to track down and regain the funds. These attempts have been unsuccessful thus far.

27. Defendant Peter B. Bass, Esq. is named and joined as a defendant as Peter Bass was hired by Plaintiffs as legal

counsel for his real estate expertise in the legal profession, owed a duty to Plaintiffs to prevent them from victims of fraud related to the purchase of the Property, failed to act reasonably and in conjunction with professional standards, and as a result, Plaintiffs sustained damages.

28. Defendant Wells Fargo Bank, N.A. is named and joined as a defendant as Wells Fargo Bank received funds meant for the Trust Account of Peter Bass but advanced the funds to, upon information and belief, Sky Blu Holdings, LLC and/or Brett Williams, unknown third parties. Wells Fargo Bank failed to ensure that the intended beneficiary (Peter Bass) was the actual beneficiary on the account number.

29. Defendants Sky Blu Holdings, LLC and Brett A. Williams are named and joined as defendants as a result of a subpoena issues by Detective Christopher Clune of the Ocean Township Police Department on Wells Fargo Bank. Upon information and belief, they intentionally hacked into the email account of Peter Bass and sent false wiring instructions to Plaintiffs in order to steal $320,000.00.

## FIRST COUNT
### PROFESSIONAL MALPRACTICE

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint as if more fully set forth at length herein.

31. As legal counsel for the Plaintiffs in the purchase of the Property, it is common practice to ensure that Plaintiffs would not fall victim to this fraud.

32. As legal counsel for the Plaintiffs in the purchase of the Property, it is common practice to inform Plaintiffs of the dangers of wire fraud that would not be commonly known to the Plaintiffs as they are not in the real estate business/industry.

33. As legal counsel for the Plaintiffs, it is common practice to notify Plaintiffs that he was unable to access his email account for a period of three weeks.

34. Defendant failed to act with proper diligence and in accordance with professional standards.

35. As a direct and proximate cause of Defendant's divergence from common practice and breach of his professional duties, Plaintiffs have suffered damages.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Peter B. Bass, for compensatory, consequential, and punitive damages in an amount to be determined at trial but not less than

8

$320,000.00, for reasonable attorneys' fees and costs of suit, and for other equitable and/or legal relief as the Court deems just and proper.

## SECOND COUNT
### NEGLIGENCE

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 33 of this Complaint as if more fully set forth at length herein.

37. As counsel for the Plaintiffs, Peter Bass owed a duty to Plaintiffs to use a secure email server, ensure that Plaintiffs would not fall victim to this fraud, and notify Plaintiffs when he could not access his email account for approximately three weeks, during which time the fraud occurred.

38. As a direct and proximate cause of Defendant's breach of the duty to Plaintiffs, Plaintiffs have suffered damages.

39. Wells Fargo Bank, N.A. had a duty to prevent the fraud that occurred against Plaintiffs.

40. Wells Fargo Bank breached that duty by failing to ensure that the recipient on the wiring instructions (Peter Bass) matched the actual holder and/or recipient of the account number (Sky Blu/Williams).

41. As a direct and proximate cause, Plaintiffs have sustained damages.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Peter B. Bass, and Wells Fargo Bank, N.A., jointly and severally, for compensatory, consequential, and punitive damages in an amount to be determined at trial but not less than $320,000.00, for reasonable attorneys' fees and costs of suit, and for other equitable and/or legal relief as the Court deems just and proper.

### COUNT THREE
#### FRAUD

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 39 of this Complaint as if more fully set forth at length herein.

43. Defendants Sky Blu Holdings and Williams intentionally hacked into and monitored Bass's email account.

44. Defendants Sky Blu Holdings and Williams intentionally sent false information through Bass's email address to Plaintiffs, i.e., wiring instructions, with the intent that Plaintiffs send them $320,000.00.

45. Defendants Sky Blu and Williams intentionally falsely represented to Plaintiffs to be Peter Bass, knowing that Peter Bass was legal representation to Plaintiffs.

46. Defendants Sky Blu and Williams knew of the falsity of their statements/representations.

47. Plaintiffs relied on the false representations made by Defendants and as a direct and proximate result, suffered damages.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Sky Blu Holdings, LLC, and Brett Williams, jointly and severally, for compensatory, consequential, and punitive damages in an amount to be determined at trial but not less than $320,000.00, for reasonable attorneys' fees and costs of suit, and for other equitable and/or legal relief as the Court deems just and proper.

## COUNT FOUR

### THEFT BY DECEPTION

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 46 of this Complaint as if more fully set forth at length herein.

49. Defendants Sky Blu and Williams intentionally hacked into and monitored Bass's email account.

50. Defendants Sky Blu and Williams intentionally sent false information through Bass's email address to Plaintiffs, i.e., wiring instructions, with the intent that Plaintiffs send them $320,000.00.

51. Defendants Sky Blu and Williams intentionally falsely represented to Plaintiffs to be Peter Bass, knowing that Peter Bass was legal representation to Plaintiffs.

52. Defendants Sky Blu and Williams knew of the falsity of their statements/representations.

53. Plaintiffs relied on the false representations made by Defendants and wired the funds to Defendants and as a direct and proximate result, suffered damages.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Sky Blu Holdings, LLC, and Brett Williams, jointly and severally, for compensatory, consequential, and punitive damages in an amount to be determined at trial but not less than $320,000.00, for reasonable attorneys' fees and costs of suit, and for other equitable and/or legal relief as the Court deems just and proper.

## COUNT FIVE
### CONVERSION

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 52 of this Complaint as if more fully set forth at length herein.

55. Defendants Sky Blu and Williams intentionally hacked into and monitored Bass's email account.

56. Defendants Sky Blu and Williams intentionally sent false information through Bass's email address to

12

Plaintiffs, i.e., wiring instructions, with the intent that Plaintiffs send them $320,000.00.

57. Defendants Sky Blu and Williams intentionally falsely represented to Plaintiffs to be Peter Bass, knowing that Peter Bass was legal representation to Plaintiffs.

58. Defendants Sky Blu and Williams knew of the falsity of their statements/representations.

59. Plaintiffs relied on the false representations made by Defendants and wired the funds to Defendants and as a direct and proximate result, suffered damages.

60. As a result of the misrepresentations by Defendants, they have unlawfully and permanently deprived Plaintiffs of $320,000.00.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Sky Blu Holdings, LLC, and Brett Williams, jointly and severally, for compensatory, consequential, and punitive damages in an amount to be determined at trial but not less than $320,000.00, for reasonable attorneys' fees and costs of suit, and for other equitable and/or legal relief as the Court deems just and proper.

## COUNT SIX

## 18 U.S.C. §1343 WIRE FRAUD

61.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 59 of this Complaint as if more fully set forth at length herein.

62.  Defendants Sky Blu and Williams intentionally hacked into and monitored Bass's email account.

63.  Defendants Sky Blu and Williams intentionally sent false information through Bass's email address to Plaintiffs, i.e., wiring instructions, with the intent that Plaintiffs send them $320,000.00.

64.  Defendants Sky Blu and Williams intentionally falsely represented to Plaintiffs to be Peter Bass, knowing that Peter Bass was legal representation to Plaintiffs.

65.  Defendants Sky Blu and Williams voluntarily and intentionally devised and/or participated in a scheme to defraud Plaintiffs out of $320,000.00, with the intent to defraud Plaintiffs.

66.  It was reasonably foreseeable that interstate wire communications would be used as all parties are located in different states.

67.  Interstate wire communications were in fact used.

68.  Defendants Sky Blu and Williams knew of the falsity of their statements/representations.

14

69. Plaintiffs relied on the false representations made by Defendants and wired the funds to Defendants and as a direct and proximate result, suffered damages.

70. As a result of the misrepresentations by Defendants, they have unlawfully and permanently deprived Plaintiffs of $320,000.00.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Sky Blu Holdings, LLC, and Brett Williams, jointly and severally, for compensatory, consequential, and punitive damages in an amount to be determined at trial but not less than $320,000.00, for reasonable attorneys' fees and costs of suit, and for other equitable and/or legal relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand trial by jury on all of the triable issues within this Complaint.

### CERTIFICATION AND CLOSING

Under FRCP 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a

nonfrivolous argument or extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: April 12, 2021

_____<br>
MICHAEL BOTTON, ESQ.<br>
Bar No.: 030031998<br>
The Law Office of Michael Botton, LLC<br>
211 Monmouth Rd., 2nd Floor<br>
West Long Branch, NJ 07764<br>
(732) 894-3686<br>
michaelbottonesq@gmail.com