UNITED STATES DISTRICT COURT
for the
District of New Jersey

SOMMONS IN A CIVIL CASE

Case No.   3:21-CV-09555-MAS-ZNQ

*Plaintiff(s)*
MOURAD SOULEIMAN
KETTY SOULEIMAN
ELIE SOULEIMAN and
PAULA SOULEMAN

Jury Trial:   *(check one)* ☐ Yes   ☒ No

-v-

*Defendant(s)*
PETER B. BASS
WELSS FARGO BANK
SKY BLU HOLDINGS, LLC
BRETT A WILLIAMS
ABC Corps 1-10, John Does 1-10

Brett Williams and Sky Blu Holdings, LLC, hereinafter referred to as "Defendants", herby answer Plaintiffs Complaint as follows:

# THE DEFENDANT'S ANSWER TO THE COMPLAINT

**I.   Preliminary Statement**

1.   Defendants are without knowledge or information of the parties involved.  Defendant has never met with or communicated with Plaintiff or Peter B. Bass in any manner of communication.

2.   The Plaintiff is negligent in taking precaution to ensure the wire in question was submitted and received correctly by receiver.  If the Plaintiff would have verified with the sending bank and receiving party the funds were received correctly along with requesting confirmation of receipt on the same day the transaction took place this Summons would not be occurring.

Judge, I apologize for following format since I was forced to respond to this Summons on my own accord without representation.  I requested additional time to respond from Michael Botton, ESQ once I had identified a lawyer to represent me.  The reason I requested additional time was to raise the capital to pay for the retainer fee my attorney requested.  I started an early-stage startup company and have not generated income over the last 9 months, so my personal finances are not capable of financing a retainer fee.  Therefore, getting a loan from traditional sources is prohibited if they know you are involved in a lawsuit and finding lending sources takes time.  I simple requested an additional 10 days to allow me time to secure funding so I could properly engage with the attorney I want to represent me.  My request was denied and not being an attorney or familiar with the formality or legal terms I have done my best to answer the following Complaint.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

## II. The Parties Filing This Answer to the Complaint

Defendant, Brett Williams and Sky Blu Holdings, LLC collectively, the Defendant having principal offices at 1285 Grey Fox Road, Ste 200, Saint Paul, MN 55112, by way of Answer to the Complaint hereby states:

| | |
|---|---|
| Name | Brett Williams | Sky Blu Holdings, LLC |
| Street Address | 64 Monarch Way |
| City and County | North Oaks, Ramsey |
| State and Zip Code | Minnesota 55127 |
| Telephone Number | (612) 803-8602 |
| E-mail Address | brett.williams@sky-blu-holdings.com |

## III. The Answer and Defenses to the Complaint

### A. Answering the Claims for Relief

On a separate page or pages, write a short and plain statement of the answer to the allegations in the complaint. Number the paragraphs. The answer should correspond to each paragraph in the complaint, with paragraph 1 of the answer corresponding to paragraph 1 of the complaint, etc. For each paragraph in the complaint, state whether: the defendant admits the allegations in that paragraph; denies the allegations; lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lacks sufficient knowledge to admit or deny, the rest.

(paragraph number) | (Answer)

1. Defendant has never met or corresponded with this individual in any manner of communication and does not have knowledge or information sufficient to either affirm or deny this information.

2. Defendant has never met or corresponded with this individual in any manner of communication and does not have knowledge or information sufficient to either affirm or deny this information.

3. Defendant has never met or corresponded with this individual in any manner of communication and does not have knowledge or information sufficient to either affirm or deny this information.

4. Defendant has never met or corresponded with this individual in any manner of communication and does not have knowledge or information sufficient to either affirm or deny this information.

5. Defendant has never met or corresponded with this individual in any manner of communication and does not have knowledge or information sufficient to either affirm or deny this information.

6. Defendant has never met or corresponded with this individual in any manner of communication and does not have knowledge or information sufficient to either affirm or deny this information.

7. Defendant admits this information is correct

8. Defendant admits this information is correct

9. Defendant is without knowledge or information sufficient to either affirm or deny this information.

10. Defendant is without knowledge or information sufficient to either affirm or deny this information about the other defendants, Peter B. Bass and Wells Fargo mentioned in this paragraph. Defendant admits the information about Brett Williams and Sky Blu Holdings, LLC is correct.

11. Defendant is without knowledge and denies this claim.

12. Defendant is without knowledge or information sufficient to either affirm or deny this information. Defendant believes the venue is not within his own Person Jurisdiction.

   a. Defendant is without knowledge of this property

   b. Defendant is without knowledge of Peter B. Bass, or is residence of work.

   c. Defendant is without knowledge of Wells Fargo Bank operating in the State of New Jersey.

   d. Defendant denies this claim; Defendant has never met or had any communication with Peter B. Bass in any manner of communication.

13. Defendant is without knowledge and denies this claim.

14. Defendant is without knowledge denies this claim.

15. Defendant is without knowledge Plaintiff hired Peter B. Bass and denies this claim.

16. Defendant is without knowledge of Plaintiff purchasing a property and denies this claim.

17. Defendant is without knowledge of this transaction between Plaintiff, Peter B. Bass and Wells Fargo and denies this claim.

18. Defendant is without knowledge and denies this claim.

19. Defendant is without knowledge of this transaction between Plaintiff, Peter B. Bass and Wells Fargo and denies this claim.

20. Defendant is without knowledge and denies this claim.

21. Defendant is without knowledge and denies this claim.

22. Defendant is without knowledge and denies this claim.

23. Defendant is without knowledge and denies this claim.

24. Defendant is without knowledge and denies this claim.

25. Defendant has no answer since there is no claim and this is a speculative statement.

26. Defendant is without knowledge of Plaintiff opening up a case with the Ocean Township New Jersey Police Department. Defendant admits knowledge of the Federal Bureau of Investigations (FBI) since Defendant was interview by the FBI. Defendant was not charged with any crime.

27. Defendant is without knowledge and denies this claim.

28. Defendant is without knowledge and denies this claim.

29. Defendant is without knowledge and denies this claim.

30. Defendant has answered these redundant claims.

31. Defendant is without knowledge and denies this claim.

32. Defendant is without knowledge and denies this claim.

33. Defendant is without knowledge and denies this claim.

34. Defendant is without knowledge and denies this claim.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

35. Defendant is without knowledge and denies this claim.

36. Defendant has answered these redundant claims.

37. Defendant is without knowledge and denies this claim.

38. Defendant is without knowledge and denies this claim.

39. Defendant is without knowledge and denies this claim.

40. Defendant is without knowledge and denies this claim.

41. Defendant is without knowledge and denies this claim.

42. Defendant has answered these redundant claims.

43. Defendant is without knowledge and denies this claim.

44. Defendant is without knowledge and denies this claim.

45. Defendant is without knowledge and denies this claim.  Defendant does not know any of the parties mentioned in this Summons other than Wells Fargo as a globally recognized financial institution.  Defendant has never communicated with the Plaintiff and has no knowledge of the Plaintiffs transaction with Peter B. Bass.

46. Defendant denies this claim.  Defendant has never communicated with the Plaintiff or Peter B. Bass in any manner of communication.

47. Defendant is without knowledge and denies this claim.

48. Defendant has answered these redundant claims.

49. Defendant is without knowledge and denies this claim.

50. Defendant is without knowledge and denies this claim.

51. Defendant is without knowledge and denies this claim.

52. Defendant is without knowledge and denies this claim.

53. Defendant is without knowledge and denies this claim.

54. Defendant has answered these redundant claims.

55. Defendant is without knowledge and denies this claim.

56. Defendant is without knowledge and denies this claim.

57. Defendant is without knowledge and denies this claim.  Defendant has never met or communicated with Peter B. Bass in any manner of communication.  Defendant has no knowledge of Peter B. Bass's relationship with the Plaintiff.

58. Defendant is without knowledge and denies this claim.

59. Defendant is without knowledge and denies this claim.

60. Defendant is without knowledge and denies this claim.

61. Defendant has answered these redundant claims.

62. Defendant is without knowledge and denies this claim.

63. Defendant is without knowledge and denies this claim.

64. Defendant is without knowledge and denies this claim.

65. Defendant is without knowledge and denies this claim.

66. Defendant is without knowledge and denies this claim.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

___

67. Defendant is without knowledge and denies this claim.

68. Defendant is without knowledge and denies this claim.

69. Defendant is without knowledge and denies this claim.

70. Defendant is without knowledge and denies this claim.

**B.     Background and Factual Allegations**

1. Defendant was informed by Wells Fargo that the Defendants corporate account was being closed and since the Defendant held personal bank accounts at Wells Fargo those accounts were on hold and could not be used for several days.  Wells Fargo was not able to provide substantial information as to why the Defendants account were closed and put on hold.

2. Defendant spoke to Wells Fargo and Wells Fargo released the hold on Defendants personal accounts and allowed funds not associated with the $320,000 deposit to be used for other purposes.

3. The Defendant was visited by the FBI at his office briefly and due to the fact, the Defendant was on a teleconference call at the time was not able to spend much time with agent Jacob Shaver and his colleague.  After a brief discussion with the FBI agents the Defendant volunteered to visit their office to discuss the transaction in further detail.

4. The Defendant was never charged with a crime or placed in custody or arrested.

5. The Defendant was instructed by the FBI to be careful when receiving money from sources you do not have personal references or past experience with.  The FBI also warned receiving funds from sources outside of the United States of America should be verified were sent legitimately.

6. The Plaintiff is negligent in taking precaution to ensure the wire in question was submitted and received correctly by receiving party.  If the Plaintiff would have verified with the sending bank and receiving party the funds were received correctly and request confirmation of receipt on the same day the transaction took place this Summons would not be occurring.

**C.     Presenting Defenses to the Claims for Relief**
Write a short and plain statement identifying the defenses to the claims, using one or more of thefollowing alternatives that apply.

1. The court does not have personal jurisdiction over the Defendant and is seeking relief because;
    a. The Defendant has no presence or business dealings in the State of New Jersey.

___

2. The Complaint fails to state a claim upon which relief can be granted because;
    a. The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.
    b. Not knowing the practice or procedure of the Plaintiffs bank I can tell you from experience if you are making a wire transfer from your bank account that exceeds a certain value you have to go into a local branch of your bank to wire the funds.  From my experience you must provide the banker the correct senders information along with the receivers correct information, including the name, phone number, address, email and bank account information.  Therefore, the Plaintiff could have called or email the Defendant prior to making the transaction or performed their own due diligence on the Defendant; Brett Williams and Sky Blu Holdings, LLC and would have realized the mentioned defendant is 1) not a lender 2) in the residential housing business.  If they would have reached out the Defendant; Brett Williams and Sky Blu Holdings, LLC this situation could have been mitigated. working on with Peter B. Bass.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

3. Count Three - Fraud *(briefly explain)*
   a. The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.
   b. Defendant had no knowledge of the relationship between the Plaintiff and Peter B. Bass and the financial transaction they were involved in.  The Defendant has never met or communicate with either of the parties mention in this case and had no way of knowing such a transaction was taking place.  Defendant had no way of knowing the Plaintiff was engaged with Peter B. Bass.  Defendant was never asked to produce any loan agreements and was never at the closing event to complete the purchase of a residential property.  Brett Williams and Sky Blu Holdings, LLC are not a lender to facilitate the purchase of property.  Brett Williams and Sky Blu Holdings, LLC are a commercial real estate developer.
   c. The Complaint fails to state a claim Intent of fraud upon which relief can be granted because;
      • The Claim lacks Intent and the Defendant is seeking relief from this claim.  The Defendant has no knowledge and know way of knowing the relationship between the Plaintiff and Peter B. Bass working relationship and the nature of their engagement.

4. Count Four - Theft By Deception *(briefly explain)*
   a. The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.
   b. Defendant had no knowledge of the relationship between the Plaintiff and Peter B. Bass and the financial transaction they were involved in.  The Defendant has never met or communicate with either of the parties mention in this case and had no way of knowing such a transaction was taking place.  Defendant had no way of knowing the Plaintiff was engaged with Peter B. Bass and was never at the closing event to complete the purchase of a residential property.  Brett Williams and Sky Blu Holdings, LLC are not a lender to facilitate the purchase of property.  Brett Williams and Sky Blu Holdings, LLC is a commercial real estate developer.
   c. The Complaint fails to state a claim upon Intent of Theft By Deception upon which relief can be granted because;
      • The Claim lacks Intent of Theft By Deception and the Defendant is seeking relief from this claim.  The Defendant has no knowledge and know way of knowing the relationship between the Plaintiff and Peter B. Bass working relationship and the nature of their engagement.

5. Count Five - Conversion *(briefly explain)*
   a. The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.
   b. The Defendant has never met our communicate with the Plaintiff or Peter B. Bass in any manner of communication.  The Defendant has no personal or business relationship with the Plaintiff or Peter B. Bass.  The Defendant had no knowledge of a financial transaction with the Plaintiff and Peter B. Bass.
   c. The Complaint fails to state a claim upon Intent of Theft By Deception which relief can be granted because;
      • The Claim lacks Intent of Theft By Deception and the Defendant is

       seeking relief from this claim.  The Defendant has no knowledge and know way of knowing the relationship between the Plaintiff and Peter B. Bass working relationship and the nature of their engagement.

6. Count Six – 18 U.S.C. 1343 Wire Fraud *(briefly explain)*
   a. The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.
   b. The Defendant has never met our communicate with the Plaintiff or Peter B. Bass in any manner of communication.  The Defendant has no personal or business relationship with the Plaintiff or Peter B. Bass.  The Defendant had no knowledge of a financial transaction with the Plaintiff and Peter B. Bass.
   c. The Defendant never instructed or provided banking information for funds to be wired to Sky Blu Holdings, LLC business account at Wells Fargo.
   d. The Complaint fails to state a claim upon Intent of Theft By Deception which relief can be granted because;
      • The Claim lacks Intent of Theft By Deception and the Defendant is seeking relief from this claim.  The Defendant has no knowledge and know way of knowing the relationship between the Plaintiff and Peter B. Bass working relationship and the nature of their engagement.

7. The Claims in this Summons regarding Defendant are Frivolous and in Bad Faith and relief can be granted because;
   a. The Plaintiff was informed of the Defendants testimony given to the FBI and Defendant was not found to be guilt or charged with any crime.  Plaintiff is pursuing Frivolous Claims against Defendant due to the fact they were negligent in ensuring their funds were wired and received correctly along with not doing proper due diligence on Peter B. Bass to ensure their funds were being used as intended.
      • The Plaintiff is acting in Bad Faith towards Defendant in an effort to recover lost funds due to their own negligence and lack of due diligence and lack of continued communication with Peter B. Bass after the funds were wired.

8. Damages.  The Defendant is seeking relief from this Summons and can be granted because;
   a. The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.
   b. The Defendant has never met our communicate with the Plaintiff or Peter B. Bass in any manner of communication.  The Defendant has no personal or business relationship with the Plaintiff or Peter B. Bass.  The Defendant had no knowledge of a financial transaction with the Plaintiff and Peter B. Bass.
   c. If any, sustained by Plaintiff were the result of actions of persons and/ or entities both public and private over whom Defendant had no control.  The Defendant is seeking relief from this Claim.

Case 3:21-cv-09555-MAS-DEA   Document 7   Filed 07/07/21   Page 8 of 10 PageID: 42

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

    9.    Contributory or comparative negligence of the Plaintiff.  The Defendant is seeking relief from this Summons and can be granted because;

    a.    The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.

    b.    The Defendant has never met our communicate with the Plaintiff or Peter B. Bass in any manner of communication.  The Defendant has no personal or business relationship with the Plaintiff or Peter B. Bass.  The Defendant had no knowledge of a financial transaction with the Plaintiff and Peter B. Bass.

    c.    Not knowing the practice or procedure of the Plaintiffs bank I can tell you from experience if you are making a wire transfer from your bank account that exceeds a certain value you have to go into a local branch of your bank to wire the funds.  From my experience you must provide the banker the correct senders information along with the receivers correct information, including the name, phone number, address, email and bank account information.  Therefore, the Plaintiff could have called or email the Defendant prior to making the transaction or performed their own due diligence on the Defendant; Brett Williams and Sky Blu Holdings, LLC and would have realized the mentioned defendant is 1) not a lender 2) in the residential housing business.  If they would have reached out the Defendant; Brett Williams and Sky Blu Holdings, LLC this situation could have been mitigated.  In addition, my experience in wiring large sums of money you typically are in communication with the receiving party the same day the wire takes place to ensure they received the wire and request confirmation of receipt.  The Plaintiff is negligent in taking precaution to ensure the wire was submitted by the sender and received correctly by the receiver.  If the Plaintiff would have verified with the sender and receiver the funds were sent and received correctly this Summons would not be occurring.

    10.    Failure of consideration.  The Defendant is seeking relief from this Summons and can be granted because;

    a.    The defendant is not liable for Plaintiffs negligence to ensure funds were sent and received correctly along with requesting confirmation of receipt of funds.

    b.    The Defendant has never met our communicate with the Plaintiff or Peter B. Bass in any manner of communication.  The Defendant has no personal or business relationship with the Plaintiff or Peter B. Bass.  The Defendant had no knowledge of a financial transaction with the Plaintiff and Peter B. Bass.

    c.    Not knowing the practice or procedure of the Plaintiffs bank I can tell you from experience if you are making a wire transfer from your bank account that exceeds a certain value you have to go into a local branch of your bank to wire the funds.  From my experience you must provide the banker the correct senders information along with the receivers correct information, including the name, phone number, address, email and bank account information.  Therefore, the Plaintiff could have called or email the Defendant prior to making the transaction or performed their own due diligence on the Defendant; Brett Williams and Sky Blu Holdings, LLC and would have realized the mentioned defendant is 1) not a lender 2) in the residential housing business.  If the Plaintiff would have contacted Defendant this situation could have been mitigated.  In addition, my experience in wiring large sums of money you typically are in communication with the receiving party the same day the wire takes place to ensure they received the wire and request confirmation of receipt.  The Plaintiff is negligent in taking precaution to ensure the wire was submitted by the sender and received correctly by the receiver.  If the Plaintiff would

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

have verified with the sender and receiver the funds were sent and received correctly this Summons would not be occurring.

**D.    Asserting Claims Against the Plaintiff (Counterclaim) or Against Another Defendant (Cross–Claim)**

1.    The Defendant demands Plaintiff to pay all of Defendants legal fees due to the fact the Plaintiff was negligent in ensuring their funds were sent and received correctly by sender and receiving party and did not request a confirmation receipt of funds by receiver. *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

2.    The Defendant demands Peter B. Bass to pall all of Defendants (Brett Williams, Sky Blu Holdings, LLC) legal fees due to the fact he was negligent in not communicating with his client in a timely manner and securing his email account.  Peter B. Bass could have resolved the issue with his email provider in a timely manner vs waiting for 30 plus days to acknowledge he had an issue and then claiming to be too ill to communicate with the Plaintiff.  If Peter B. Bass would have been diligent about correcting his e-mail account issues this entire Summons could have been mitigated.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

### IV. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

| | |
|---|---|
| Date of signing: | June 4, 2021 |
| Signature of Defendant | [signature] |
| Printed Name of Defendant | Brett Williams |

**B. For Attorneys**

| | |
|---|---|
| Date of signing: | |
| Signature of Attorney | |
| Printed Name of Attorney | |
| Name of Law Firm | |
| Telephone Number | |
| E-mail Address | |