CHAMLIN ULIANO & WALSH
268 Norwood Avenue, P.O. Box 38
West Long Branch, NJ 07764
(732) 229-3200
Attorneys for Defendant, Peter B. Bass

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (Trenton Vicinage)

| | |
|---|---|
| MOURAD SOULEIMAN, KETTY SOULEIMAN, ELIE SOULEIMAN, And PAULA SOULEIMAN,<br><br>Plaintiffs,<br><br>v.<br><br>PETER B. BASS; WELLS FARGO BANK, N.A.; SKY BLU HOLDINGS, LLC; BRETT A. WILLIAMS; ABC CORPS 1-10; JOHN DOES 1-10,<br><br>Defendants. | Case No. 3:21-cv-9555-MAS-ZNQ<br><br><br><br><br><br>**ANSWER TO COMPLAINT and CROSSCLAIMS; CROSSCLAIM; DEFENSES; DESIGNATION OF TRIAL COUNSEL; and DEMAND FOR JURY** |

Defendant, Peter B. Bass, Esq., by way of Answer to the Complaint, says:

### AS TO PARTIES

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit Defendant Bass is attorney of the State of New Jersey and Deny the balance of the allegations.

6.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

7.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

8.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

9.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

## AS TO JURISDICTION and VENUE

10. Admit as to Plaintiffs and Defendant Bass and lack sufficient knowledge or information to form a belief as to the truth of the balance of the allegations.

11. Admit the amount in controversy and deny the allegation of liability on the part of Defendant Bass.

12. Admit.

## AS TO STATEMENT OF FACTS

13. Admit.

14. Admit.

15. Admit.

16. Deny.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

18. Admit.

19. Deny.

20. Admit.

21. Deny.

22. Admit that Plaintiff and Defendant Bass wen to Wells Fargo.

23. Admit.

24. Admit.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

26. Admit that Plaintiffs and Defendant Bass opened a case with the police and FBI.

27. Admit that Defendant Bass was hired as Plaintiffs' counsel and deny the balance of the allegations.

28. Admit.

29. Admit.

## AS TO FIRST COUNT
### Professional Malpractice

30. Defendant repeats each answer to the allegations above and makes the same a part hereof as if set forth at length herein.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and leave Plaintiffs to its proofs.

33. Deny.

34. Deny.

35. Deny.

3

WHEREFORE, Defendant demands judgment dismissing Plaintiffs' Complaint with prejudice and for costs of suit.

## AS TO SECOND COUNT
### Negligence

36. Defendant repeats each answer to the allegations above and makes the same a part hereof as if set forth at length herein.

37. Deny.

38. Deny.

39. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

40. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

41. Deny.

WHEREFORE, Defendant demands judgment dismissing Plaintiffs' Complaint with prejudice and for costs of suit.

## AS TO THIRD COUNT
### Fraud

42. Defendant repeats each answer to the allegations above and makes the same a part hereof as if set forth at length herein.

43. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

44. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

45. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

46. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

47. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

WHEREFORE, Defendant demands judgment dismissing Plaintiffs' Complaint with prejudice and for costs of suit.

## AS TO FOURTH COUNT
### Theft by Deception

48. Defendant repeats each answer to the allegations above and makes the same a part hereof as if set forth at length herein.

49. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

50. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

51. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

52. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

53. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

5

WHEREFORE, Defendant demands judgment dismissing Plaintiffs' Complaint with prejudice and for costs of suit.

## AS TO FIFTH COUNT
### Conversion

54. Defendant repeats each answer to the allegations above and makes the same a part hereof as if set forth at length herein.

55. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

56. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

57. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

58. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

59. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

60. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

WHEREFORE, Defendant demands judgment dismissing Plaintiffs' Complaint with prejudice and for costs of suit.

## AS TO SIXTH COUNT
### 18 U.S.C. 1343 Wire Fraud

61. Defendant repeats each answer to the allegations above and makes the same a part hereof as if set forth at length herein.

62. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

63. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

64. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

65. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

66. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

67. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

68. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

69. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

70. This allegation is not directed towards this Defendant, and therefore, Defendant makes no answer.

WHEREFORE, Defendant demands judgment dismissing Plaintiffs' Complaint with prejudice and for costs of suit.

## ANSWER TO CROSS CLAIMS

Defendant, Peter B. Bass, Esq., by way of Answer to any and all Cross Claims which may be presented against him, says:

Defendant denies the allegations of any Cross Claim that Cross Claimants are entitled to the relief sought.

WHEREFORE, Defendant demands judgment dismissing any Cross Claims, plus costs.

## DEFENSES AS TO COMPLAINT/CROSSCLAIM

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. This Court lacks personal jurisdiction over this Defendant.

3. This Court lacks jurisdiction over the subject matter of this action.

4. Defendant acted within the scope of his authority and in good faith in the performance of his duties.

5. The claims are barred by the doctrine of accord and satisfaction.

6. The claims are barred by the doctrine of arbitration and award.

7. The claims are barred by contributory or comparative negligence.

8. The claims are barred by the doctrine of duress.

9. The claims are barred by the doctrine of estoppel.

10. The claims are barred by the failure of consideration.

11. The claims are barred by reason of mutual mistake.

12. The claims are barred because of the assumed the risk involved in the transaction.

13. The claims are barred by the Doctrine of Unclean Hands.

14. The claims are barred by the doctrine of illegality.

15. The claims are breed by the doctrine of laches.

16. The claims are barred by the Statute of Frauds.

17. The claims are barred because the party was aware of and consented to the conduct

to which it now complains.

18. The party has failed to mitigate its alleged damages or other losses, and therefore, this action is barred and Defendant reserves the right to move to dismiss.

19. Any alleged damages of the party are not the result of negligent, reckless or intentional acts or omissions on the part of Defendant.

20. Any alleged damages of the party are not the result of any wrongful act or omission on the part of Defendant.

21. Any alleged damages of the party were caused by its own act or omission of or its agents or servants over whom this Defendant had no control or duty to control.

22. Defendant did not breach any duty.

23. The party is guilty of negligence in the performance and nonperformance of its obligation to Defendant.

24. Defendants deny the proximate cause alleged.

25. Defendant is entitled to set-offs against the claims asserted herein which exceed the amount of the party's claim.

26. Any damages were proximately caused by the independent, superseding and intervening acts of parties and entities other than Defendants.

27. Defendant complied with all statutory and regulatory standards.

28. The claims are barred by the Statute of Limitations.

29. The claims are barred by the application of the entire controversy doctrine.

30. The claims are barred by res judicata and/or collateral estoppel.

31. Defendants deny the claims for special and consequential damages.

32. Defendants deny the claims for compensatory damages.

33. Defendant denies negligence.

34. Plaintiffs were negligent.

35. The incident and damages alleged were caused or contributed to by the negligence of others over whom this Defendant had no control and for whom Defendant has no legal liability.

36. While denying any negligence, Defendant asserts that the damages sustained by the Plaintiffs in this matter were caused directly by the actions of the Plaintiffs. To that extent there should be an assessment of liability against the Plaintiffs, Defendant seeks a reduction of any damages assessed against him pursuant to N.J.S.A. 2A:15-5.1 et seq.

37. Pursuant to Federal Rules of Civil Procedure 12, the cause of action as stated is frivolous and Defendant will seek those sanctions allowed by law.

38. Plaintiffs' claim for punitive damages violates the United States Constitution as applied to the States and is therefore barred.

39. Defendant denies the existence of or breach of any duty and further denies the existence of or breach of any contractual obligation, express or implied.

40. Defendant is not guilty of any intentional misconduct which proximately caused any injury to Plaintiffs.

41. Any injury occurring to Plaintiffs was the direct and proximate result of the Plaintiffs' own conduct.

42. Defendant acted reasonably and properly under the circumstances.

43. The answering defendants had no knowledge of the actions by co-defendants.

44. Plaintiffs' claim is barred, or at least damages are reduced, by virtue of the Doctrine of Avoidable Consequences.

45. Plaintiffs lack standing.

10

46. Plaintiffs' allegation of professional malpractice must be dismissed for failure to provide an affidavit of merit.

47. Defendant reserves the right to raise additional defenses as may be deemed appropriate through discovery.

## **CROSS CLAIMS**

Defendant, Peter B. Bass, Esq., by way of Cross Claim against Defendants Sky Blu Holdings, LLC, Brett A. Williams, John Does 1-10, and ABC Corps 1-10, says:

### **FIRST COUNT**
### **Fraud**

1. Defendant/Crossclaimant Bass repeats and incorporates each allegation above as if set froth at length herein.

2. Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 intentionally hacked into and monitored Defendant Bass's email account.

3. Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 intentionally sent false information to Plaintiffs posing as Defendant Bass in order to induce Plaintiffs to send Defendants a wire of $320,000.00.

4. Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 falsely represented themselves to Plaintiffs as Defendant Bass.

5. Defendant Bass did not receive and had no knowledge that Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 had hacked into his computer and were sending emails to Plaintiffs that purportedly originated from Defendant Bass.

6. Defendant Bass did not receive the emails that Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 sent to Plaintiffs.

7. At the time Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 made the representations to Plaintiffs, Defendants knew these representations to be false and they were made with the intentions that Plaintiffs would rely upon these false representations.

8. In fact, Plaintiffs relied upon the false representations made by Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10, and Plaintiffs wired money to Defendants.

9. The foregoing conduct of Plaintiff constitutes fraud.

10. As a result of this intentional fraud on the part of Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10, Defendant Bass has been damaged and is entitled to reimbursement of the reasonable expenses of litigation caused by the fraud.

WHEREFORE, Defendant/Crossclaimant, Peter B. Bass, Esq. demands judgment against the Co-Defendants for damages, including but not limited to compensatory, consequential and punitive, with interest, together with costs of suit, attorney's fees, and any other relief as the Court may deem equitable and just.

## SECOND COUNT
**Computer Tampering**

11. Defendant/Crossclaimant Bass repeats and incorporates each allegation above as if set froth at length herein.

12. Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 were unauthorized to access, alter, and/or use Defendant's Bass's computer system, including but not limited to his email account.

13. Through the unauthorized access, alteration and use of Defendant Bass's computer system, Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 damaged Defendant Bass's business and property.

14. As a result, Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 are liable to Defendant Bass damages, costs of suit, investigation and litigation, and reasonable attorney's fees.

WHEREFORE, Defendant/Crossclaimant, Peter B. Bass, Esq. demands judgment against the Co-Defendants for damages, including but not limited to compensatory, consequential and punitive, with interest, together with costs of suit, attorney's fees, and any other relief as the Court may deem equitable and just.

### THIRD COUNT
### Privacy Invasion

15. Defendant/Crossclaimant Bass repeats and incorporates each allegation above as if set froth at length herein.

16. The unauthorized, improper use of Defendant Bass's computer system by Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 was an intentional intrusion upon Defendant Bass' private concerns and affairs as well as those of his clients.

17. This intrusion by Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 was highly offensive to Defendant Bass as would be highly offensive to a reasonable person.

18. As a result of this invasion of privacy, Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 are liable to Defendant Bass for the harm caused, including mental anguish and special damages.

13

WHEREFORE, Defendant/Crossclaimant, Peter B. Bass, Esq. demands judgment against the Co-Defendants for damages, including but not limited to compensatory, consequential and punitive, with interest, together with costs of suit, attorney's fees, and any other relief as the Court may deem equitable and just.

### FOURTH COUNT
### Conversion

19. Defendant/Crossclaimant Bass repeats and incorporates each allegation above as if set froth at length herein.

20. Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 wrongfully seized exclusive possession of the funds from Plaintiffs and converted same to their own use.

21. Defendant Bass demanded the return of the property and/or payment for same, but Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 refused.

22. The conversion of the property was done with the willful and malicious intent of injuring Plaintiff and Defendant Bass and with wanton disregard of their rights.

23. As a result of Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 wrongful exercise of dominion and control over the subject property, Defendant Bass has been damaged.

WHEREFORE, Defendant/Crossclaimant, Peter B. Bass, Esq. demands judgment against the Co-Defendants for damages, including but not limited to compensatory, consequential and punitive, with interest, together with costs of suit, attorney's fees, and any other relief as the Court may deem equitable and just.

### FIFTH COUNT
### Another's Tort

24. Defendant/Crossclaimant Bass repeats and incorporates each allegation above as if set froth at length herein.

25. As a result of the improper conduct on the part of Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10, Defendant Bass has been caused to participate and defend an action.

26. Defendant Bass is entitled to recover from Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10 the expense of litigation, including attorney's fees, proximately caused by the tort of Defendants Sky Blu Holdings, Williams, John Does 1-10 and/or ABC Corps 1-10.

WHEREFORE, Defendant/Crossclaimant, Peter B. Bass, Esq. demands judgment against the Co-Defendants for damages, including but not limited to compensatory, consequential and punitive, with interest, together with costs of suit, attorney's fees, and any other relief as the Court may deem equitable and just.

## SIXTH COUNT
**Indemnification**

27. Defendant/Crossclaimant Bass repeats and incorporates each allegation above as if set froth at length herein.

28. Defendants, while denying any and all liability to Plaintiff for the alleged damages, assert that if they or any one is adjudged liable, its liability was merely secondary, constructive, technical, imputed and/or vicarious, and was not the proximate cause of Plaintiff's damages.

29. Defendants assert that the actions of the co-defendants were the primary, proximate and sole cause of the Plaintiff's damages.

30. Defendants demand full contribution and indemnification from co-

defendants and for the co-defendants to hold him/her/it harmless from any and all awards and/or judgments which may be adjudged against Defendants on behalf of the Plaintiff, for all reasonable costs incurred in investigating and defending this suit, and reasonable attorney's fees.

## SEVENTH COUNT
### Contribution

31. Defendant/Crossclaimant Bass repeats and incorporates each allegation above as if set froth at length herein.

32. Defendants assert and demand full contribution from co-defendants.

### REQUEST FOR ALLOCATION

If any co-Defendant settles prior to Trial, this Defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendant(s). Defendant will seek this allocation, whether or not it has formally filed a cross-claim against the settling defendant(s). Defendant will rely upon the examination and cross-examination of Plaintiffs' expert witnesses and any and all other witnesses at the time of Trial, in support of this allocation.

### DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Federal Rule of Civil Procedure 38(b), Charles J. Uliano, Esquire is hereby designated as Trial Counsel for these Defendants in the above-captioned matter.

16

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Pursuant to Local Rule 11.2, Defendant hereby verifies that, to his knowledge, the matter in controversy is not the subject of another action.

                                  CHAMLIN ULIANO & WALSH
                                  Attorneys for Defendant, Peter B. Bass, Esq.

                        By:    /s/ Charles J. Uliano, Esq.
                                  CHARLES J. ULIANO, ESQ.